UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

PETER TEMBONG NKEMJAH,

               Petitioner,

v.

KRISTI NOEM et al.,

               Respondents.

_____/

Case No. 1:26-cv-499

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Calhoun County Correctional Facility in Battle Creek, Calhoun County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.4.)

In an Order entered on February 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 3.) Respondents filed their response on February 19, 2026 (ECF No. 4), and Petitioner filed his reply on February 24, 2026 (ECF No. 5).

## II.    Factual Background

Petitioner is a native and citizen of Cameroon. (Ahmed Decl. ¶ 4, ECF No. 4-1, PageID.17.) Petitioner entered the United States on or about October 24, 2023, at or near San Ysidro, California, without inspection. (*Id*.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (*Id*.) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.* ¶ 5, PageID.17–18.) DHS then released Petitioner into the United States. (*Id*., PageID.18.)

On March 30, 2025, Petitioner was arrested by local police for "Obstructing Police."[1] (*Id.* ¶ 6; Pet., ECF No. 1, PageID.2.) Petitioner was transferred into ICE custody the next day. (Pet., ECF No. 1, PageID.2.) Petitioner requested a custody redetermination. (Ahmed Decl. ¶ 8, ECF No. 4-1, PageID.18.) Following a hearing, the Detroit Immigration Court denied bond because it determined that Petitioner was a flight risk. (*Id.* ¶ 9.) On July 17, 2025, the Detroit Immigration Court held a hearing on Petitioner's application for asylum and withholding of removal. (*Id.* ¶ 10.) The Immigration Court denied Petitioner's application for asylum and ordered that Petitioner be removed to Cameroon, but granted his request for withholding of removal pursuant to § 241(b)(3) of the INA. (Order of the Immigration Judge, ECF No. 4-2, PageID.22, 24.) Neither party appealed

---

[1] As of February 18, 2026, that charge remained pending. (Ahmed Decl. ¶ 6, ECF No. 4-1, PageID.18.)

that decision, and the appeal period expired on August 18, 2025. (*Id.*, PageID.25; Resp., ECF No. 4, PageID.11.)

On November 19, 2025, ICE conducted a 90-day-post-order custody review and concluded that Petitioner's detention would continue because there was a significant likelihood of removal in the reasonably foreseeable future. (Ahmed Decl. ¶ 11, ECF No. 4-1, PageID.19.) That conclusion was based on the fact that ICE was actively working with the Department of State and the DHS. (*Id.*) On February 10, 2026, ICE conducted a 180-day-post-order custody review and again decided that Petitioner must remain in custody "based upon ongoing efforts to remove [Petitioner] to a third county." (*Id.* ¶ 12.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.3–4.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis* 533 U.S. 678, 701 (2001). (*See* Resp., ECF No. 4, PageID.12–14.)

3

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on August 18, 2025. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner was in custody when his order of removal became administratively final on August 18, 2025. As of February 18, 2026, Petitioner had been in custody for six months since the order of removal became administratively final. Petitioner argues that there is no significant likelihood of removal in the reasonably foreseeable future. In response, Respondents

---

[2] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

argue that ICE has been actively working with the Department of State, DHS, and "Cameroonian nationals" to remove Petitioner. (Resp., ECF No. 4, PageID.11.)

Here, Petitioner was granted withholding of removal to Cameroon, and based on the record that is presently before the Court, Respondents have not identified a third country that might be willing to accept Petitioner or provided any explanation of the steps taken to identify such a country. Petitioner notes that ICE has had more than six months to locate a third country to which it could send Petitioner, and there is no indication that ICE has made any effort to identify that country. Indeed, while Respondents argue that ICE has worked diligently to secure travel documents, they do not assert that any effort has been made to find a country that would accept Petitioner.

Moreover, Respondents do not provide any other information that might suggest that there is a significant likelihood of removal in the reasonably foreseeable future. Respondents assert that ICE is "actively working with the Department of State, the Department of Homeland Security, and Cameroonian nationals to obtain the documentation necessary to remove Petitioner." (Resp., ECF No. 4, PageID.11.)  Although Respondents assert that they are "working diligently to complete [Petitioner's] removal," they provide no specific information to suggest that they have made any progress towards effectuating that removal. ICE made similar claims in November 2025, when it asserted that it was "actively working with Department of State (DOS) and DHS on avenues to remove [Petitioner] to third country." (Ahmed Decl. ¶ 11, ECF No. 4-1, PageID.19.) Nothing presented to this Court suggests that Respondents are any closer to removing Petitioner than they were in November 2025.

The Court concludes that the fact that the government has not identified a country that may be willing to receive Petitioner provides "good reason" to believe that "there is no significant

likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.* Respondents' sole evidence is the assertion that ICE has been working with various agencies and "Cameroonian nationals" to obtain documentation. (Ahmed Decl. ¶ 13, ECF No. 4-1, PageID.19.) As noted above, Respondents provide no specificity on what these efforts entail, or any progress that has been made since November 2025 when they described making similar efforts. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## V.    Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## Conclusion

For the reasons discussed above, the Court will enter a Judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision. The Court will also order Respondents to file a status report within five days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

Dated:    March 3, 2026                    /s/ Jane M. Beckering
                                           Jane M. Beckering
                                           United States District Judge